Marina V. Thomas (11251)
Braden W. Asper (16775)
Assistant Utah Attorneys General
Sean D. Reyes (7969)
Utah Attorney General
195 North 1950 West P.O. Box 140873
Salt Lake City, Utah 84114-0873
Telephone: (801) 536-4137
marinathomas@agutah.gov
bradenasper@agutah.gov
*Attorneys for Plaintiff State of Utah*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STATE OF UTAH, on behalf of the Utah Department of Environmental Quality, the Utah Division of Air Quality, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, in his capacity as Administrator of the United States Environmental Protection Agency, <br><br> Defendants. | Civil Case No.: 2:23-cv-00827 <br><br> Judge Tena Campbell <br><br> **COMPLAINT** |

## INTRODUCTION

1. This is a suit to compel the Administrator of the United States Environmental Protection Agency (Administrator or EPA) to act as mandated by the Clean Air Act, 42 U.S.C. §§ 7401 *et seq*. on the State of Utah's (State or Utah) State Implementation Plan for Regional Haze (SIP) for the second planning period.

2. On August 2, 2022, Utah submitted its SIP revisions for the second planning period to EPA to meet the requirements of the Clean Air Act and the Regional Haze Rule, 40 C.F.R. §§ 51.300 through 51.309.

3. Under 42 U.S.C. § 7410(k)(1)(B), the Administrator determined that Utah's SIP met completeness criteria in 40 C.F.R. Part 51, Appendix V. The Administrator issued this determination on August 23, 2022. A copy of the Administrator's determination is attached as **Exhibit A** to this Complaint.

4. Section 7410(k)(2) requires the Administrator to act on SIP's approvability in accordance with (k)(3) within 12 months of a completeness determination or by August 24, 2023, in this case.

5. As of the filing date of this action, the Administrator failed to act on Utah's SIP as required by Section 7410(k)(2).

6. This lawsuit seeks to compel EPA to take final action on Utah's SIP to determine its approvability and publish a notice in the Federal Register regarding such action.

## JURISDICTION, VENUE, AND NOTICE

7. This action compels the Administrator to perform a nondiscretionary act or duty under the Clean Air Act. 42 U.S.C. §§ 7604(a)(2), 7410(k)(2) & (3).

8. This Court has jurisdiction under 42 U.S.C. § 7604(a) (Citizen Suits), 28 U.S.C. §§ 1331 (Federal Question), and 1361 (Action to compel an officer of the United States to perform a duty). State is a "person" for purposes of 42 U.S.C. § 7604 as defined in 42 U.S.C. § 7602(e).

9. Congress has waived federal sovereign immunity of the United States by authorizing this action under 42 U.S.C. § 7604(a)(2).

10. An actual controversy exists between the parties as defined in 28 U.S.C. § 2201.

11. The relief requested by Plaintiff is authorized by 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1)(B) because Defendant Michael S. Regan is an officer of the United States acting in his official capacity and Defendant Environmental Protection Agency is an agency of the United States. A substantial part of the events or omissions giving rise to the claim occurred in the State of Utah where the SIP applies to the facilities located in Utah and protects visibility in the federal Class I areas located in Utah.

13. Venue is also proper in this judicial district under 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides in this state and no real property is involved in this action.

14. Under 42 U.S.C. § 7604(b)(2) and 40 C.F.R. Part 54, Plaintiff served on the Administrator notice of intent to sue for the violations alleged in this Complaint with intent to initiate this action. Plaintiff notified the Administrator by certified mail posted on September 12, 2023, with an electronic email copy to the Administrator on September 14, 2023.

15. EPA regulations provide that notice "shall be deemed given on the postmark date, if served by mail." 40 C.F.R. § 54.2(d). Accordingly, Utah properly notified the EPA on September 12, 2023, under 42 U.S.C. § 7604(b)(2), 40 C.F.R. §§ 54.2(a) & 54.3(a). A copy of this notice is attached as **Exhibit B** to this Complaint. More than 60 days have passed since Utah served this notice under 42 U.S.C. § 7604(b), and the violations identified in the notice continue.

## PARTIES

16. Plaintiff is a sovereign state of the United States of America.

17. Plaintiff is bringing this suit on behalf of the Utah Department of Environmental Quality and the Utah Division of Air Quality. Both these entities are executive agencies of the State of Utah with authority granted by the EPA to implement various programs in the Clean Air Act, including the regional haze program, through developing state implementation plans. *See* 40 C.F.R. § 52.2320; and generally, 40 C.F.R. Ch. 1, Subch. C.

18. Defendant United States Environmental Protection Agency is the federal agency charged with implementing the Clean Air Act.

19. Defendant Michael S. Regan is the EPA Administrator. Administrator Regan is charged with the duty to enforce the Clean Air Act, which includes undertaking nondiscretionary duties and actions according to the deadlines established by the Act. *See* 42 U.S.C. § 7410(k)(1)(B).

## LEGAL BACKGROUND

**SIP Development and Approval Process**

20. To implement various programs under the Clean Air Act, each state must develop and adopt a SIP that regulates how a state will meet specific federal air quality requirements. 42 U.S.C. § 7410(a)(1).

21. Once a state develops a plan and submits it to EPA, EPA must review it and determine within six months of submission whether the SIP submission is complete. 42 U.S.C. § 7410(k)(1)(B). If EPA does not timely determine completeness, the SIP is considered complete by operation of law. *Id.*

22. Within 12 months of completeness, either as determined by the EPA or by operation of law, the Administrator must act on the SIP submission. 42 U.S.C. § 7410(k)(2).

23.	The Administrator must approve a SIP that satisfies the Clean Air Act's requirements. 42 U.S.C. § 7410(k)(3).

24.	This duty to act is nondiscretionary because 42 U.S.C. § 7410(k)(2) requires the Administrator to act on a SIP within 12 months of completeness determination and contains no exceptions.

25.	The Clean Air Act authorizes "any person" to bring suit to compel the Administrator to perform a nondiscretionary duty, such as the duty to act on a SIP within 12 months of completeness determination. 42 U.S.C. § 7604(a)(2).

26.	The Clean Air Act includes a state in the definition of a "person." 42 U.S.C. § 7602(e).

**Regional Haze Program**

27.	The Clean Air Act's regional haze program operates under the same regulatory scheme as other programs, where the states develop and adopt SIPs that EPA must review for completeness and approvability.

28.	The goal of the regional haze program is to remedy existing impairment to visibility and prevent future impairment in federal Class I areas. 42 U.S.C. § 7491(a)(1). These areas typically include certain national parks and designated wilderness areas where visibility has been or may be affected by manmade pollution. *Id*. § 7472(a).

29.	There are nine Class I areas subject to Utah's regional haze program. Those are Arches, Black Canyon, Bryce Canyon, Canyonlands, Capitol Reef, Flat Tops, Grand Canyon, Mesa Verde, and Zion.

30.	The regional haze program spans decades requiring incremental progress toward natural visibility goals with natural visibility achieved by 2064 by reducing emissions of haze-

forming particles that create regional haze. *See* 40 C.F.R. § 51.308(d)(1)(i)(B); 42 U.S.C. § 7491(b)(2).

31. EPA defines regional haze as "visibility impairment that is caused by the emission of air pollutants from numerous anthropogenic sources located over a wide geographic area." 40 C.F.R. § 51.301.

32. The program is divided into ten-year planning periods. 64 Fed. Reg. 35,714, 35,732 (July 1, 1999). Within each planning period, the states must submit SIPs with "emission limits, schedules of compliance and other measures as may be necessary to make reasonable progress toward meeting the national goal" of natural visibility. 42 U.S.C. § 7491(b)(2).

33. This lawsuit is regarding the SIP submitted by Utah for the second planning period that began in 2018 with SIPs due by July 31, 2021. 82 Fed. Reg. 3,078 (Jan. 10, 2017).

## FACTUAL BACKGROUND

**Utah's Regional Hase SIP for the Second Planning Period**

34. The Utah Division of Air Quality (Division), a division within the Utah Department of Environmental Quality, implements the Clean Air Act in Utah under approval by the EPA. The regional haze program is one of the Clean Air Act's programs that the Division implements.

35. To determine which facilities must be regulated in the current SIP, the Division used an "emissions over distance" (Q/d) analysis to identify the facilities with the highest potential visibility impact on Utah's federal Class I areas. The Division identified nine facilities in Utah subject to potential controls under the SIP because of the Q/d analysis.

36. The Division required six facilities, including PacifiCorp's Hunter and Huntington Power Plants, to submit a four-factor analysis of potential controls. The analysis

included (1) costs of compliance, (2) the time necessary for compliance, (3) energy and non-air quality environmental impacts, and (4) the remaining useful life of each source. The Division excluded other facilities from conducting the analysis based on current emissions, projected emissions in 2028, and closure and controls put in place after the 2014 base year inventory.

37. After analyzing all available information, the Division imposed the following new control measures necessary for reasonable progress towards natural visibility: (1) a plantwide enforceable mass-based nitrogen oxide (NOx) limit on PacifiCorp's Hunter and Huntington Power Plants; (2) installation of Flue Gas Recirculator on the Riley Boiler at the US Magnesium's Rowley Plant; and (3) an enforceable closure date for Electrical Generating Units (EGUs) 1 and 2 at the Intermountain Generation Station.

38. The Division also identified several existing measures necessary for reasonable progress, including federal on-road and non-road vehicle and equipment standards, Best Available Control Measures (BACM), Best Available Control Technology (BACT) controls included in the recently completed Serious Area Particulate Matter 2.5 (PM2.5) SIP for the Salt Lake Nonattainment Area, and existing NOx and sulfur dioxide ($SO_2$) limits imposed during the first planning period on PacifiCorp's Hunter and Huntington Power Plants (including closure of the Carbon Power Plant).

39. The Division also included existing control measures to ensure ongoing enforceability in the second implementation period on the Leamington Cement Plant (Ash Grove Cement Company), Cricket Mountain Plant (Graymont Western US Inc.), Sunnyside Cogeneration Facility (Sunnyside Cogeneration Associates), Rowley Plant (US Magnesium), and Intermountain Generation Station (Intermountain Power Service Corporation).

40. The Utah Air Quality Board adopted the final SIP on July 6, 2022, which made it an enforceable state law that regulated facilities must comply with. Utah Code Ann. § 19-2-104(1)(a) & (b) (powers of the board).

41. However, without the final Administrator's action on the SIP, the regulated sources do not have final assurance of regulatory requirements and cannot effectively plan compliance with those requirements.

42. The Administrator's delay leaves uncertainty about control requirements that may apply to various sources if the Administrator disapproves Utah's SIP and imposes a federal implementation plan that requires different controls.

43. The delay also results in confusion in implementing the Clean Air Act requirements. For example, the Administrator's prior delays in acting on the first planning period regional haze SIPs created compliance uncertainty for the regulated sources and the State, resulting in EPA extending the deadline for the second planning period SIPs. Further delay will continue to compound the difficulty in complying with overlapping requirements. Utah has already faced significant challenges in trying to develop a second planning period SIP while the requirements of the first planning period remained under review in the courts.

44. Utah submitted its SIP to EPA on August 2, 2022, which EPA determined as complete on August 23, 2022. Since that completeness determination, the Administrator has not taken the required action on Utah's SIP. Such action was due 12 months from the completeness determination or by August 24, 2023.

45. On September 12, 2023, Utah, through the Division, submitted its written notice of intent to sue the Administrator for its failure to act on Utah's SIP.

**FIRST CLAIM FOR RELIEF**

**Failure to Take Final Nondiscretionary Action on Utah's SIP Under 42 U.S.C. § 7410(k)(2)**

46. Plaintiff repeats and realleges paragraphs 1 through 45, incorporating them here by reference.

47. On August 2, 2022, the Administrator received a SIP submission from Utah to satisfy the regional haze program requirements of the Clean Air Act's visibility program for the second planning period.

48. On August 23, 2022, the Administrator determined that the SIP submittal met the minimum criteria in 42 U.S.C. § 7410(k)(1)(A).

49. The Administrator was then required to take the final nondiscretionary action on Utah SIP by fully or partially approving or disapproving the SIP submittal no later than August 24, 2023. 42 U.S.C. § 7410(k)(2) & (3).

50. The Administrator has not taken such action and has not fully or partially approved or disapproved Utah's SIP submittal by the applicable deadline of 12 months after the completeness determination.

51. The Administrator has violated and continues to violate its mandatory nondiscretionary duty in 42 U.S.C. § 7410(k)(2).

52. This violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). EPA's violation is ongoing and will continue unless remedied by this Court.

**REQUEST FOR RELIEF**

Plaintiff requests that this Court enter judgment against the Defendants as follows:

1. A declaration that the Defendants have violated and continue to violate the Clean Air Act by failing to take final action on Utah's regional haze SIP for the second planning period;

2. An order from the Court compelling the Defendants to take final action on Utah's regional haze SIP for the second planning period by a date certain with interim deadlines to assure compliance with the Court's order;

3. An order retaining jurisdiction over this matter until the Defendants have complied with their nondiscretionary duty under the Clean Air Act;

4. An order awarding Plaintiff its costs of litigation, including reasonable attorneys' fees under 42 U.S.C. § 7604(d); and

5. Any other relief that the Court deems just and proper.

Respectfully submitted: November 13, 2023.

/s/ Marina V. Thomas
Marina V. Thomas (Utah Bar No. 11251)
Braden W. Asper (Utah Bar No. 16775)
Assistant Utah Attorneys General
Sean D. Reyes (Utah Bar No. 7969)
Utah Attorney General
195 North 1950 West P.O. Box 140873
Salt Lake City, Utah 84114-0873
Telephone: (801) 536-4137
marinathomas@agutah.gov
bradenasper@agutah.gov
*Attorneys for Plaintiff State of Utah*